MARY M. STOUT, Respondent, *v.* HIRAM W. BETTS, Individually and as Executor and Trustee of HIRAM BETTS, Deceased, Appellant, Impleaded with Others.

*Surrogate's decree, removing a trustee and appointing a successor — an appeal creates no stay — substitution of the successor as a party in a pending action.*

The provisions of sections 2576 and 2578 of the Code of Civil Procedure, in reference to staying the execution of a surrogate's decree by an undertaking on appeal, do not apply to decrees removing testamentary trustees or executors; the execution of such decrees is not stayed by an appeal. (§ 2583, Code Civ. Proc.)

An appeal, with an undertaking, from a surrogate's decree removing a testamentary trustee and appointing a successor, does not stay the operation of such appointment of a successor or suspend the devolution of liability in reference to the trust fund upon the successor, so as to prevent the substitution, pending such appeal, of the successor trustee as a party defendant under section 756 of the Code of Civil Procedure, in the place of the original trustee in a pending action concerning the trust estate.

APPEAL by the defendant, Hiram W. Betts, from an order of the Supreme Court, made at Special Term and entered in the office of

the clerk of Ulster county on the 5th day of July, 1893, " granting a motion that Lewis Bouton, as administrator with the will annexed of Hiram Betts, deceased, be substituted as party defendant in the above-entitled action in the name, place and stead of Hiram W. Betts, as executor of the last will and testament of Hiram W. Betts, deceased, defendant in said action, pursuant to the provisions of section 756 of the Code of Civil Procedure."

The action was brought by a beneficiary under the will of Hiram Betts, deceased, to enforce her rights as *cestui que trust* in the testamentary trust fund, and to have a mortgage belonging to that fund declared a lien upon certain real estate.

*L. B. Treadwell*, for the appellant.

*Franklin Pierce*, for the respondent.

MAYHAM, P. J.:

The case shows that the appellant was named in the will of Hiram Betts as executor and trustee, and, on the probate of such will, he qualified and entered upon the duties of his trust ; that on being cited by respondent to account before the surrogate of Cortland county, he voluntarily rendered his account, and, on such accounting, the surrogate found, and by his decree adjudged, that the appellant had in his hands, as trustee, the sum of $2,159.62 belonging to the respondent as *cestui que trust*, pursuant to the terms of said will, and that he had improvidently managed the trust committed to his charge, and that he was unfit for the due execution of the trust, and that there was reason to believe that his financial condition hazarded the existence of the trust.

The surrogate also in his decree removed the appellant as testamentary trustee from his trust, and in the same decree appointed Lewis Bouton as trustee, with all the rights and duties with reference to said trust fund conferred upon the appellant under and in pursuance to the terms of such will and the letters testamentary issued to him thereon.

This decree was made and entered in the Surrogate's Court on the 13th day of December, 1892, and a copy served on Betts, the appellant, on the fourteenth of the same month. On the 13th of January, 1893, Betts, by his attorney, served on the attorney for

the respondent herein a notice of appeal, in which he gives notice "that Hiram W. Betts, the accounting executor and trustee herein, hereby appeals," etc.; this notice is signed "L. B. Treadwell, attorney for Hiram W. Betts, executor," etc.

No copy of an undertaking on appeal was served with the notice, and no undertaking thereon was filed in the surrogate's office of Cortland county until the 16th day of June, 1893.

On the 14th day of January the notice of appeal served by the appellant was returned to his attorney on the ground that no undertaking was filed and the notice of appeal was a nullity.

No leave of the court to file an undertaking on the 16th of June seems to have been obtained. The appeal on this motion is taken in the name of Hiram W. Betts individually, and is addressed to the attorney for the plaintiff, and not served upon the trustee and administrator with the will annexed, on whose petition the substitution was made.

This substitution is claimed to have been made under the provisions of section 756 of the Code of Civil Procedure on the theory that by the decree of the surrogate a devolution of liability was cast upon Lewis Bouton by his appointment as trustee in the place of Hiram W. Betts, removed, who was prosecuted originally in this action, and has been removed.

That section provides that "In case of a transfer of interest, or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires."

But it is insisted by the appellant that the appeal in this matter suspended the operation of the surrogate's decree, and that proceedings under it stayed all action on the part of Bouton, who was appointed successor of Hiram W. Betts, and in support of that contention the court is referred to sections 2576 and 2578 of the Code of Civil Procedure. But we think that an examination of those sections will show that they do not relate to decrees removing testamentary trustees or executors.

By section 2583 of the Code it is provided that "An appeal from a decree revoking the probate of a will, or revoking letters testa-

mentary, letters of administration or letters of guardianship, or from a decree or order suspending an executor, administrator or guardian, or removing or suspending a testamentary trustee * * * does. not stay the execution of the decree or order appealed from."

The language of this section seems to embrace an appeal from a decree like the one from which this appeal is taken. If we are right in this conclusion then this appeal, even if regular, did not prevent the devolution of this trust property upon the successor of the deposed trustee, and Bouton, as such successor, would seem to be a proper person to be substituted as the defendant for the purpose of protect-- ing the trust fund, either as against the plaintiff in the action or· his insolvent predecessor.

We are, therefore, of opinion that the order of substitution was correct and should be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs, printing and other· disbursements.